IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,                                    3:10-CR-00311-BR

        Plaintiff,                              OPINION AND ORDER

v.

SERGIO AGUILAR-SAHAGUN,

        Defendant.


**BILLY J. WILLIAMS**
United States Attorney
**PAMALA R. HOLSINGER**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

**JEFFREY S. SWEET**
Assistant United States Attorney
405 E. Eighth Avenue
Suite 2400
Eugene, OR 97401
(541) 465-6903

        Attorneys for Plaintiff


1 - OPINION AND ORDER

**LISA C. HAY**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

**BRYAN E. LESSLEY**
Assistant Federal Defender
859 Willamette Street
Suite 200
Eugene, OR 97401
(541) 465-6937

        Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant Sergio Aguilar-Sahagun's Petition (#42) for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and Amendment 782 of the United States Sentencing Guidelines (U.S.S.G.).  For the reasons that follow, the Court **DENIES** Defendant's Motion but **GRANTS** Defendant a certificate of appealability.

<u>**BACKGROUND**</u>

On July 19, 2010, Defendant Sergio Aguilar-Sahagun was charged in an Indictment with one count of Conspiracy to Possess with Intent to Distribute Heroin, one count of Possession with Intent to Distribute Heroin, and one count of Illegal Reentry.

On February 3, 2011, Defendant entered into a Plea Agreement

2 - OPINION AND ORDER

in which he pled guilty to Conspiring to Distribute Heroin and Illegal Reentry.  In the Plea Agreement Defendant and the government agreed to a Base Offense Level of 32 under the then-existing Drug Quantity Table set out in United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c).  The parties agreed to an upward adjustment of two levels for Defendant's "aggravating role."  The parties also agreed to recommend a three-level downward adjustment for acceptance of responsibility for a Total Offense Level of 33.  The parties agreed to recommend the mandatory-minimum sentence of 120 months.

The May 6, 2013, Presentence Report (PSR) recommended a Base Offense Level of 34 plus a two-level enhancement for Defendant's aggravating role and three-level reduction for acceptance of responsibility for a Total Offense Level of 33.  At Criminal History Category II, the advisory guideline range was 151-188 months.

On May 5, 2011, the Court varied Defendant's sentence downward from the 151-188 range and sentenced Defendant to a 121-month term of imprisonment.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified U.S.S.G. § 2D1.1 to lower the sentencing range for certain categories of drug-related offenses.  The Sentencing Commission also adopted Amendment 788 effective November 1, 2014, which authorized

retroactive application of Amendment 782 to defendants who were
sentenced before its effective date.

On January 12, 2015, Defendant filed a Motion to Reduce
Sentence based on Amendment 782. The Court took the matter under
advisement on January 13, 2016.


**DISCUSSION**

Pursuant to Amendment 782 Defendant seeks a reduction in his
sentence to 120 months.[1] The parties do not dispute Defendant's
advisory guideline range under Amendment 782 would be 121-151
months or that the 121-month sentence that Defendant originally
received is at the bottom of the amended range. The government,
however, asserts the 121-month sentence that Defendant received
is the same as the sentence he would receive under the amended
guideline range, any further reduction of Defendant's sentence
would violate the policy set out in U.S.S.G. § 1B1.10(b)(2)(A),
and such a reduction would exceed the Court's authority to modify
a sentence under 18 U.S.C. § 3582(c)

Defendant, in turn, argues he is entitled to a further one-
month reduction in his sentence notwithstanding § 1B1.10(b)(2)(A)
because application of § 1B1.10(b)(2)(A) to his sentence would

---

[1] Defendant concedes the maximum possible reduction of
sentence to which Defendant could be entitled is one month
because his conviction is subject to a ten-year mandatory minimum
sentence.

4 - OPINION AND ORDER

(1) create an "irreconcilable conflict" with 8 U.S.C. § 991, the implementing regulation and (2) violate the Equal Protection Clause.  Defendant also asserts the doctrine of constitutional avoidance requires the Court to interpret § 1B1.10 to avoid constitutional concerns.

**I.    Sentence Modification Authority.**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010)(quoting 18 U.S.C. § 3582(c)). "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Dillon*, 560 U.S. at 819 (quoting § 3582(c)(2)).

As noted, effective November 1, 2014, the Sentencing Commission modified § 2D1.1 to lower the sentencing range for certain categories of drug-related offenses, and the Commission authorized retroactive application of Amendment 782 to defendants who were sentenced before its effective date.

When the Sentencing Commission lowers a sentencing range as it did with Amendment 782, 18 U.S.C. § 3582(c)(2) authorizes a court to reduce a defendant's term of imprisonment only after the court finds such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  The court must

then determine whether the sentence should be reduced based on factors set out in 18 U.S.C. § 3553(a).  *Dillon*, 560 U.S. at 826.

The Sentencing Commission policy statement at issue here is U.S.S.G. § 1B1.10, which provides in pertinent part:

> (b)  Determination of Reduction in Term of Imprisonment.--
>
> > (1)  In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
> >
> > (2)  Limitation and Prohibition on Extent of Reduction.--
> >
> > > (A) Limitation.-- . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is *less than the minimum of the amended guideline range* determined under subdivision (1) of this subsection.
> > >
> > > (B)  Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range

> determined under subdivision (1) of this
> subsection may be appropriate.

Emphasis added.  Application Note 1(A) explains in pertinent

part:

> Eligibility for consideration under 18 U.S.C.
> 3582(c)(2) is triggered only by an amendment
> listed in subsection (d) that lowers the
> applicable guideline range (*i.e.*, the guideline
> range that corresponds to the offense level and
> criminal history category determined pursuant to
> 1B1.1(a), which is determined before consideration
> of any departure provision in the Guidelines
> Manual or any variance).  Accordingly, a reduction
> in the defendant's term of imprisonment is not
> authorized under 18 U.S.C. 3582(c)(2) and is not
> consistent with this policy statement if: . . .
> (ii) an amendment listed in subsection (d) is
> applicable to the defendant but the amendment does
> not have the effect of lowering the defendant's
> applicable guideline range.

## II.   Departures and variances are not "guideline application decisions" and are not included in the "amended guideline range."

As noted, when the court considers a sentence modification

pursuant to a retroactive change in the Sentencing Guidelines,

§ 1B1.10(b)(1) provides the changed provision is incorporated and

"all other guideline application decisions" must remain

unaffected.  Defendant asserts variances and departures are

"guideline application decisions" that must remain unaffected.

According to Defendant, therefore, variances and noncooperation

departures should be included in calculating the "amended

guideline range."

For the reasons the Court set out in *United States v.*

7 - OPINION AND ORDER

*Castaneda*, 3:11-CR-412-BR, and Judge Michael Simon set out in *United States v. Gorgatenko*, 3:10-CR-00396-SI, the Court concludes the terms "guideline application decision" and "amended guideline range" are not ambiguous with respect to the inclusion of departures and variances when the Court considers the text of § 1B1.10, its application notes, the text of the previous version of § 1B1.10, and applicable case law.  Considering these sources together, the Court concludes § 1B1.10 unambiguously does not include departures and variances in the amended guideline range.

**III. Application of § 1B1.10(b)(2)(A) does not violate the implementing regulation.**

Defendant asserts application of § 1B1.10(b)(2)(A) under the circumstances of his case would create an "irreconcilable conflict" with 28 U.S.C. § 991(b), the implementing regulation, if the Court concludes § 1B1.10 does not include departures and variances.  Specifically, § 991(b) mandates in pertinent part that one of the purposes of the United States Sentencing Commission is to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct."  28 U.S.C. § 991(b)(1)(B).  Defendant asserts an interpretation of § 1B1.10 that permits courts to grant sentence reductions to people who did not receive variances and noncooperation departures and requires courts to deny reductions to people who received such variances and departures would nullify the sentencing determinations previously made by

8 - OPINION AND ORDER

the sentencing court and create unwarranted disparities.

For the reasons the Court set out in *Castaneda*; explained by Judge Simon in *Gorgatenko*; and also explained by the court in *United States v. Rodriguez*, No. 12cr1121-LAB, 2015 WL 4235363 (S.D. Cal. July 8, 2015), this Court concludes the limitation in § 1B1.10(b)(2)(A) that precludes consideration of variances and noncooperation departures in the context of a sentence modification under 18 U.S.C. § 3582(c) does not conflict with 18 U.S.C. § 991(b).

## IV. Application of § 1B1.10(b)(2)(A) does not violate the Equal Protection Clause.

To the extent that the Court concludes § 1B1.10(b)(2) prohibits courts from reducing sentences based on previously-imposed variances and noncooperation departures, Defendant also asserts application of § 1B1.10(b)(2)(A) to Defendant's case violates his right to equal protection.

### A. The rational-basis test applies.

"'The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws.'" *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015)(quoting *United States v. Windsor*, 133 S. Ct. 2675, 2695 (2013)).

Defendant, however, does not assert he is a member of a suspect class. In addition, Defendant cannot establish he is

being deprived of a fundamental right because a defendant does
not have a constitutional right to a sentence reduction based on
subsequent guideline amendments.  *See Dillon*, 560 U.S. at 827-28
(§ 3582 is a "narrow exception to the rule of finality," and
sentencing modification proceedings under that statute "are not
constitutionally compelled.").  The Court, therefore, concludes
Defendant's equal-protection challenge to § 1B1.10(b) is subject
to a rational-basis review.  *See, e.g., United States v. Johnson*,
626 F.3d 1085, 1088 (9th Cir. 2010)("We apply the rational basis
standard of review to Equal Protection challenges to the
Sentencing Guidelines based on a comparison of allegedly
disparate sentences.").

　　　　Under rational-basis review the challenged
classification "must be upheld against equal protection challenge
'if there is *any reasonably conceivable state of facts* that could
provide a rational basis for the classification.'"  *United States
v. Ellsworth*, 456 F.3d 1146, 1150 (9th Cir. 2006)(quoting *F.C.C.
v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)(emphasis in
*Ellsworth*)).  "A classification . . . cannot run afoul of the
Equal Protection Clause if there is a rational relationship
between the disparity of treatment and some legitimate
governmental purpose."  *Armour v. City of Indianapolis*, 132 S.
Ct. 2073, 2080 (2012).  "[T]he burden is on the one attacking the
legislative arrangement to negative every conceivable basis which

might support it." *Id.* (quotations omitted).

    **B. Analysis**.

        For the reasons the Court set out in *Castaneda* and for the reasons set out by Judge Simon in *Gorgatenko*; Judge Owen Panner in *United States v. Garcia-Uribe,* 08-CR-30039-PA; Judge Michael Mosman in *United States v. Heckman*, 10-CR-143-MO, and *United States v. Padilla-Diaz*, 08-CR-126-MO; and Chief Judge Ann Aiken in *United States v. Mahan*, 06-CR-60045-AA, the Court concludes the government has established there is a rational relationship between the disparity of treatment of defendants in § 1B1.10 and a legitimate governmental purpose. Specifically, the Sentencing Commission found the distinction between departures and variances was "'difficult to apply' and 'prompted litigation.'" *United States v. Gonzalez*, No. 10CR1009- LAB 2015 WL 4760286, at *1 n.1 (S.D. Cal. Aug. 11, 2015)(quoting Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 76 Fed. Reg. 41332, 41332, 41334 (July 13, 2011)). The Commission was also "concerned that retroactively amending the guidelines could result in a windfall for defendants who had already received a departure or variance, especially one that took into account the disparity in treatment between powder and crack cocaine." *Davis*, 739 F.3d at 1225. Defendant has not negated "every conceivable basis which might support" the Commission's decision prohibiting reductions below the amended guidelines

range except in the case of substantial assistance nor has Defendant established there is not "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Ellsworth*, 456 F.3d at 1150. As the Supreme Court has noted "'equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.' [When] rational basis review applies and 'there are plausible reasons for Congress' action, our inquiry is at an end.'" *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015)(quoting *FCC*, 508 U.S. at 313–14).

Accordingly, the Court concludes application of § 1B1.10(b)(2)(A) to Defendant does not violate his right to equal protection.

**V.   Constitutional Avoidance.**

Finally, Defendant asserts the Court does not need to resolve Defendant's equal-protection challenge if it instead applies the doctrine of constitutional avoidance. Defendant asserts he has raised "serious questions" regarding the constitutionality of interpreting § 1B1.10 to prohibit consideration of variances and noncooperation departures and contends the Court should interpret the policy statement in a manner that avoids these constitutional questions. Specifically, Defendant asserts under the doctrine of constitutional avoidance the Court should interpret "amended guidelines range" to include

12 - OPINION AND ORDER

previously-imposed variances and departures.  The Court, however, has not found there is a constitutional violation nor under rational-basis review that there are serious questions regarding the constitutionality of § 1B1.10 as to it prohibiting consideration of variances and noncooperation departures.  The Court, therefore, declines to apply the doctrine of constitutional avoidance.

**VI.   Exercise of the Court's Discretion.**

Even if Defendant's arguments had merit as to the construction of § 1B1.10; conflict with the implementing regulation, § 991; and/or the constitutionality of the application of § 1B1.10 to his case, in the exercise of its discretion to modify Defendant's sentence, the Court would decline to do so under the circumstances.  On the totality of the record before it, the Court concludes an additional one-month downward variance of Defendant's sentence is not warranted and that the originally imposed sentence remains "sufficient . . . but not greater than necessary" to accomplish all the purposes of 18 U.S.C. § 3553(a).  Accordingly, in the exercise of its discretion, the Court declines to reduce Defendant's sentence to 120 months.

**VII. Certificate of Appealability**

Because the legal issues raised in Defendant's Motion are not clearly established and because Defendant's arguments have

13 - OPINION AND ORDER

the possibility of reasonable disagreement, the Court grants
Defendant a certificate of appealability.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#42)
for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and
U.S.S.G. Amendment 782 and **GRANTS** Defendant a certificate of
appealability.

IT IS SO ORDERED.

DATED this 19th day of January, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER